CAMPBELL, Judge.
Appellant, Kelvin Heggs, challenges his conviction and resulting sentence entered as a result of a jury verdict finding him guilty of second degree murder with a firearm. While appellant raises numerous issues in this appeal, we find one with sufficient merit to cause us to reverse appellant’s conviction and sentence and remand this case for a new trial.
Appellant was charged with causing the death of Danny Redden by shooting him with a firearm. Redden was a bystander during an altercation that took place between Mark Lloyd Townsend and appellant. Appellant’s defense was that he accidentally shot Redden after going to his vehicle to retrieve his firearm in order to defend him *992 self against Townsend’s alleged threats of bodily harm to appellant.
At trial, appellant took the stand and testified in his own behalf. Prior to trial, appellant had voluntarily undergone a polygraph examination conducted by David Metcalfe, a polygraph operator. Prior to appellant testifying at trial, the state had moved to exclude any reference to the polygraph examination performed on appellant, and that motion was granted by the court. However, following appellant’s testimony, the state called Metcalfe as a rebuttal witness to testify to alleged inconsistent statements that appellant had made during Met-calfe’s interview of appellant in preparation for the polygraph examination. The trial court allowed Metcalfe to testify as to the alleged prior inconsistent statements made by appellant during the interview. Appellant’s counsel then, on cross-examination of Metcalfe, attempted to introduce the actual questions and answers posed to appellant by Metcalfe during the polygraph examination which appellant contended would explain and/or negate the inconsistency of the statements to which the state had been allowed to inquire on direct examination. The trial court refused to allow appellant’s counsel the right to conduct this cross-examination.
On appeal, the state concedes that it was error for the trial court not to allow such cross-examination, but urges that such error was harmless. We cannot agree that the state has sufficiently established that the error was harmless. When the direct examination opened up the subject, cross-examination should have been allowed to proceed in order to allow appellant’s counsel to inquire into other phases of the same conversation that might, in any way, explain what was offered on direct examination. Roberts v. State, 510 So.2d 885 (Fla. 1987), cert. denied, 485 U.S. 943, 108 S.Ct. 1123, 99 L.Ed.2d 284 (1988). The fact that the questions posed to appellant and the answers given occurred during a polygraph examination is not, in this case, sufficient to prohibit the trial judge from allowing appellant to proceed with his proffered cross-examination. Johnson v. State, 166 So.2d 798 (Fla. 2d DCA 1964). Not being able to determine that appellant’s inability to cross-examine concerning statements that would have lessened the impact of the state’s direct examination did not impact on the jury’s deliberations in reaching its verdict, we must therefore reverse and remand for a new trial.
The other issues raised by appellant in this appeal should be obviated by the new trial.
Reversed and remanded for new trial.
SCHOONOVER, C.J., and PARKER, J., concur.